FILED
UNITED STATES DISTRICT COURT
COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JAN 1 0 2006

Civil Action No. 05-cv-02005-OES

C. LANGHAM
CLERK

ROGER LEE YOUNG,

    Plaintiff,

v.

JOE ORTIZ, Individually and in his official capacity as the Executive Director of the
    Colorado Department of Corrections,
CARL ZENON, Individually and in his official capacity as the Warden of Arkansas
    Valley Correctional Facility,
STEVEN HARTLEY, Individually and in his official capacity as the Associate Warden of
    Arkansas Valley Correctional Facility,
EUGENE GONZALES, Individually and in his official capacity as the Correctional
    Captain of Arkansas Valley Correctional Facility,
SHAWN ATKINS, Individually and in his official capacity as the Correctional Lieutenant
    of Arkansas Valley Correctional Facility,
EUBANKS, Individually and in his official capacity as the Correctional Lieutenant of
    Arkansas Valley Correctional Facility,
FELIX FERNANDEZ, Individually and in his official capacity as the Correctional
    Sergeant of Arkansas Valley Correctional Facility,
HANES, Individually and in his official capacity as the Correctional Sergeant of
    Arkansas Valley Correctional Facility,
RAEL, Individually and in his official capacity as the Correctional Sergeant of Arkansas
    Valley Correctional Facility,
MONTOYA, Individually and in his official capacity as the Correctional Sergeant of
    Arkansas Valley Correctional Facility,
KELLY McRAE, Individually and in his official capacity as the Correctional Medical
    Supervisor of Arkansas Valley Correctional Facility,
SMOKEY KURTZ, Individually and in his official capacity as the Correctional
    Investigator of Arkansas Valley Correctional Facility, and
INSPECTOR GENERAL OFFICE, Individually and in their official capacity as the
    Colorado Department of Correction's Investigator/Investigative Team,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Roger Lee Young is a prisoner in the custody of the Colorado

Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Young has filed **pro se** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Young is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Young will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, although Mr. Young mentions some of the Defendants by name in connection with one of the claims he asserts, he fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Young must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Young will be ordered to file

an amended complaint to clarify how each Defendant personally participated in the alleged constitutional violations.

Mr. Young also must clarify in his amended complaint how he has exhausted administrative remedies for each claim. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Young must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Young has not exhausted administrative remedies for each claim, the entire complaint must be dismissed.

Mr. Young alleges in the complaint that he filed a grievance and that he has exhausted administrative remedies because he has not received a response at the third and final step of the grievance process. However, it is not clear that Mr. Young has exhausted administrative remedies for all of his claims by filing one grievance. Mr. Young must describe with specificity when he filed his grievance and the specific issue that he raised in his grievance. Accordingly, it is

3

ORDERED that Mr. Young file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Young, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Young submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Young fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion Requesting Sanctions Against Defendants for Obstructing and Interfering with Initial Filing of this Civil Rights Action" filed on December 12, 2005, is denied.

DATED at Denver, Colorado, this 10 day of January, 2006.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02005-OES

Roger Lee Young
Prisoner No. 52155
Arkansas Valley Corr. Facility
PO Box 1000 – 2-B-2
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/10/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk